**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| United States of America, | Criminal No. 2:21-cr-00319-RMG |
| Plaintiff, | |
| v. | |
| | **ORDER AND OPINION** |
| Kareem Kashif Jefferson, | |
| Defendant. | |

This matter is before the Court on Defendant's motion to suppress. (Dkt. No. 60). The Government opposes the motion. (Dkt. No. 63). Defendant filed a reply. (Dkt. No. 65). The Court held a suppression hearing on May 3, 2023. For reasons set forth below, Defendant's motion to suppress is **DENIED**.

## I.    Factual Background

On February 14, 2020, Defendant stopped his vehicle on the side of the road in an attempt to change two flat tires.[1]  Officer Joe Seegars, who was conducting a routine patrol in this area, arrived at the scene and initially asked Defendant if he was in need of any assistance. Defendant responded that he did not need any assistance and indicated he intended to drive his vehicle to a nearby church to change his tires.

During this initial encounter, Officer Seegars observed multiple signs that Defendant was intoxicated. He detected the odor of alcohol and marijuana. He observed that Defendant was mumbling and responding in an incoherent fashion. Officer Seegars observed an open container in the vehicle. Defendant was also swaying and had difficulty performing simple tasks, such as

---

[1] The Court's findings are drawn from the footage of the encounter, which was captured on Officer Seegars' body worn camera, and Officer Seegars' sworn testimony at the suppression hearing on May 3, 2023, which the Court finds to be highly credible.

closing his trunk. Officer Seegars also observed that Defendant's vehicle had two flat tires on one side of his vehicle, suggesting that he may have hit a curb while operating his vehicle. As Defendant prepared to leave the scene, Officer Seegars informed Defendant that he was not permitted to leave.

After Officer Seegars informed Defendant that he was not permitted to leave, Defendant became more adversarial and kept moving in a manner to get behind the officer. Officer Seegars instructed Defendant to stop moving. Defendant repeatedly ignored these commands. Officer Seegars then observed Defendant reach into his pants pocket and grip a semi-automatic pistol. At this point, Officer Seegars unholstered his firearm and directed Defendant to place his hands in the air. Defendant repeatedly moved his hand in the area of the firearm in his pocket despite Officer Seegars' multiple instructions to keep his hands in the air. This situation was very tense. Defendant ultimately went to the ground on his own initiative, pulled the firearm out of his pocket, and threw it a short distance from where he was lying.

When backup arrived, Defendant was detained without further incident. Officer Seegars ran the serial number on the firearm and was informed that the firearm was stolen. At that time, Officer Seegars advised Defendant that he was under arrest. The officers on the scene then conducted an inventory search of the vehicle and found five guns, ammunition, a body armor vest, a digital scale, crack cocaine, marijuana, and Eutylone. Defendant was searched incident to arrest, and a deputy found marijuana in his pocket. Defendant was thereafter charged with various weapons related charges.

This case was eventually adopted by the United States Attorney. Defendant was indicted by the Federal Grand Jury with (1) possession of firearms and ammunition by a convicted felon;

(2) possession of controlled substances with intent to distribute; and (3) possession of firearms in furtherance of a drug trafficking crime. Defendant's motion to suppress followed. (Dkt. No. 60).

## II.     Legal Standard

When deciding a motion to suppress, the district court may make findings of fact and conclusions of law. *United States v. Stevenson*, 396 F.3d 538, 541 (4th Cir. 2005). During the hearing, "the credibility of the witness and the weight to be given the evidence, together with the inferences, deductions and conclusions to be drawn from the evidence, are all matters to be determined by the trial judge." *United States v. McKneely*, 6 F.3d 1447, 1452–53 (10th Cir. 1993) (internal quotation marks omitted).

## III.     Discussion

### A.     Officer Seegars had Reasonable Suspicion to Detain Defendant

Police officers "may elevate a police-citizen encounter into an investigatory detention only if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks probable cause." *United States v. Burton*, 228 F.3d 524, 527-28 (4th Cir. 2000) (internal quotation marks and citations omitted). "[A] court must look to the totality of the circumstances in determining whether the officer had a particularized and objective basis for suspecting criminal activity." *United States v. Foster*, 634 F.3d 243, 246 (4th Cir. 2011). "Because reasonable suspicion is an objective test, we examine the facts within the knowledge of [the officer] to determine the presence or nonexistence of reasonable suspicion." *United States v. Foreman*, 369 F.3d 776, 781 (4th Cir. 2004).

When Officer Seegars arrived on the scene, he sensed the Defendant was intoxicated. He could smell the odor of an alcohol. He noticed what appeared to be an open container containing liquor in Defendant's vehicle. He could also smell marijuana. While conversing with Defendant,

3

he observed that Defendant was talking incoherently, mumbling, slurring his words, repeating himself several times, and answering questions other than the ones Officer Seegars asked. Officer Seegars also noticed that Defendant lacked dexterity and general awareness. He watched Defendant attempt and fail to close his truck, unaware that a visible obstruction prevented the truck from closing. He also noticed Defendant trying to jack the vehicle up, but the carjack was not positioned underneath the vehicle. Lastly, Officer Seegars observed that Defendant's vehicle had two flat tires, both on the passenger side.

After examining all of the facts within the knowledge of Officer Seegars, the Court finds that Officer Seegars had a particularized and objective basis for suspecting that Defendant had operated his vehicle while under the influence of alcohol and was prepared to drive away while intoxicated. Officer Seegars' reasoning was based on much more than an "inchoate and unparticularized suspicion or 'hunch.'" *Terry v. Ohio*, 392 U.S. 1, 27 (1968). Rather, Officer Seegars drew "specific reasonable inferences . . . from the facts in light of his experience." *Id.* The Court finds that Officer Seegars had reasonable suspicion to detain Defendant because Defendant had driven while intoxicated and was preparing to operate a motor vehicle while under the influence.

B. <u>There was Probable Cause for Defendant's Arrest and Search of His Person</u>

Defendant's detention escalated to an arrest after determining Defendant was carrying a concealed weapon, which was reported to have been stolen. Probable cause for an arrest is present where "the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998).

4

Considering the totality of circumstances in this case, the Court concludes that Officer Seegars was amply justified in believing that Defendant violated South Carolina law by carrying a concealed firearm. First, at the time of the arrest, South Carolina was not an open-carry state, and Officer Seegars could reasonably presume that Defendant had violated the law as soon as he saw the concealed firearm. Whether Defendant had a permit to legally carry the firearm (which he did not) is an affirmative defense and does not negate the reasonableness of Officer Seegars' assessment. Furthermore, while Defendant was being detained, Officer Seegars learned that the firearm in Defendant's possession was stolen. At that time, he was placed under arrest. Accordingly, the Court finds that Officer Seegars had probable cause to arrest Defendant.

The Court finds the subsequent search of Defendant's person to be appropriate. *Chimel v. California*, 395 U.S. 752, 763 (1969) ("[I]t is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction.").

C. <u>The Firearms, Ammunition, and Drugs were Discovered During a Lawful Inventory Search</u>

The conducting of an inventory search by law enforcement following a lawful arrest is proper where "the circumstances reasonably justified seizure or impoundment" and the inventory search was conducted "according to routine and standard procedures designed to secure the vehicle and its contents." *United States v. Bullette*, 854 F.3d 261, 265 (4th Cir. 2017).

Defendant was being arrested for unlawful possession of a firearm, and there existed a reasonable concern that additional firearms may have been left behind in Defendant's vehicle. Furthermore, Defendant's vehicle had two flat tires and, therefore, was not in a condition to be operated. In any event, Officer Seegars confirmed that Defendant was the registered owner of the vehicle. Therefore, the vehicle was subject to an inventory search. Accordingly, the Court finds

5

the seizure of the firearms, ammunition, and drugs pursuant to an inventory search was lawful and in accord with the Fourth Amendment.

## IV.  Conclusion

Based on the foregoing, Defendant's motion to suppress (Dkt. No. 60) is **DENIED**. Further, the Court commends Officer Seegars for his professionalism and excellent training, which allowed him to obtain control of a very dangerous situation without the necessity of using lethal force.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 4, 2023
Charleston, South Carolina