# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal No. 2:21-319-RMG |
| v. ) | |
| ) | |
| Kareem Kashif Jefferson, ) | |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |
| _____ ) | |

    This matter comes before the Court on Defendant's petition under 28 U.S.C. § 2255 to vacate his sentence solely on the basis of ineffective assistance of counsel because his trial counsel allegedly failed to file a notice of appeal when asked to do so immediately following sentencing. (Dkt. No. 107). The Government has filed a response in opposition and attached an affidavit from Defendant's trial counsel, Cameron Marshall. (Dkt. Nos. 115, 115-1). Mr. Marshall stated in his affidavit that "at no time on the date of sentencing nor at any time thereafter did Mr. Jefferson request that a Notice of Appeal be filed." (Dkt. No. 115-1 at 4).

    By way of background, Defendant pled guilty on July 31, 2023 to felon in possession of a firearm and ammunition and possession with intent to distribute marijuana and crack cocaine. (Dkt. Nos. 92, 94). The plea agreement provided for an 11(c)(1)(C) sentencing range of 14 to 17 years and an appeal waiver. (*Id*. at ¶ 8, 10). The Court subsequently sentenced Defendant to 14 years on January 18, 2024. No direct appeal followed. Defendant's § 2255 motion was filed on February 2, 2023. (Dkt. No. 107).

    There is no question that if a criminal defendant requests that his counsel file an appeal, trial counsel has the duty to file the appeal. *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993).

Where a district court is confronted with a factual dispute between a criminal attorney and his client concerning whether the client asked the attorney to file a notice of appeal, the court has two choices. First, the district court can conduct an evidentiary hearing and make a credibility determination. A second option is to vacate the previously imposed sentence and immediately reimpose and reinstate the defendant's judgment of conviction, which would allow the defendant to timely appeal. *United States v. Corbin*, C.A. No. 7:22-842-HMH, 2024 WL 1120174 (D.S.C. 2024).

In the interest of judicial economy, the Court will choose the second option, which will reinstate Defendant's right to file a direct appeal if he wishes to do so. The Court will direct the Magistrate Judge on duty to appoint new counsel for Defendant, who can consult with the Defendant and file a notice of appeal on his behalf if Defendant confirms his desire for newly appointed counsel to file a direct appeal.

Consequently, the Court hereby orders as follows:

1. The Court hereby vacates its earlier entered judgment (Dkt. No. 103) and immediately reimposes and reinstates Defendant's judgment of conviction, which will start the clock running anew on his right to file an appeal;

2. The Court orders that the Magistrate Judge on duty appoint Defendant new counsel to consult with the Defendant to confirm he wishes to file a notice of appeal and, if so, to file the notice of appeal on his behalf. Any representation of Defendant on appeal will be handled by an order appointing counsel issued by the Fourth Circuit.

3. With the entry of the new judgment of conviction, Defendant's § 2255 petition is denied as moot.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

April 24, 2025  
Charleston, South Carolina